IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:10cr60

ROLAND JOHN GRIFFIN

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S NOTICE OF APPEAL OF MAGISTRATE JUDGMENT TO DISTRICT COURT (Docket No. 38). For the reasons set forth below, the judgment of conviction and the sentence are affirmed.

## BACKGROUND

The Defendant, Roland John Griffin, was charged in a Second Superseding Criminal Information with (1) operating a vehicle in national park property while under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(2), (2) stopping or parking unlawfully upon a park road in violation of 36 C.F.R. § 4.13, and (3) failing to use a set belt "when the vehicle is in motion" on park property. A bench trial was held before a Magistrate Judge. At the close of the government's evidence, Griffin made a motion for judgment of acquittal, which was denied. He then renewed the motion after presenting evidence.

The Magistrate Judge allowed post-trial briefing on the renewed Rule 29 motion and denied the motion as to all counts.

Thereafter, Griffin was acquitted on the merits of Counts Two and Three, but was convicted of Count One and sentenced to one year probation with 10 days intermittent confinement. Griffin filed this notice of appeal, arguing that the evidence is insufficient to sustain his conviction. The facts relevant to the appeal are set forth below.

The Defendant's son, John Griffin, testified that, on June 18, 2009, he and his father left their house together. (Tr. at 53:13.) John drove his father's truck because his father was taking medication made necessary by a surgery that was performed the day before. (Tr. at 53:23-54:19.) John and his father went to Summit Recycling and then to Applebee's, where Griffin consumed two or three beers. (Tr. at 54:7-55:7.) On their way home, John and his father began to argue. (Tr. at 55:24.) As a result, John pulled off to the side of the road, near the entrance to Spotsylvania Courthouse Battlefield, so he could exit the truck. (Tr. at 56:8-21.) John testified that, when he pulled the truck over, it was not blocking or cutting across the road. (Tr. at 58:22.) He also testified that he left the truck running when he got out. (Tr. at 60:20-24.) John began walking away and called his girlfriend to give him a ride. (Tr. at 61:

14-22.) In the time that he was with Griffin, John never saw his father drive the truck. (Tr. at 61:23-25.)

National Park Service Ranger Charles Lochart was on duty at the Fredericksburg and Spotsylvania National Military Park when he saw Griffin sitting in the truck (Tr. at 18:21-19:4.) which was parked near the entrance to Spotsylvania Courthouse Battlefield and was parked sideways, blocking the entrance to the park. (Tr. at 20:2-8.) Ranger Lochart testified that, in order for cars to go around the truck, they would need to drive on the grass. (Tr. at 68:23-69:1.)

Therefore, Ranger Lochart approached the truck, which, at the time, was idling. (Tr. at 20:17-18.) Ranger Lochart did not see any headlights, flashers, or turn signals on. (Tr. at 34: 16-24.) When Ranger Lochart approached the truck, Griffin was alone in the truck, and he was seated in the driver's seat. (Tr. at 20:20-21.) Officer Lochart asked Griffin why he was parked in the road and Griffin responded that he was having trouble with his turn signal. (Tr. at 21: 7-8.) According to Officer Lochart, Griffin "played with his turn signal and also his four-way flashers." (Tr. at 21:7-10.)

Ranger Lochart believed that Griffin was under the influence of alcohol and asked him to step out of the vehicle. (Tr. at 23:21-25.) He then informed Griffin that he was to perform some field sobriety tests, at which point Griffin asked

how fast he was going when Ranger Lochart stopped him. (Tr. at 24:5-6.) Griffin seemed confused when Ranger Lochart explained that he had not stopped him for speeding. (Tr. at 24:7-9.) Ranger Lochart then asked Griffin to perform the field sobriety tests, all of which Griffin failed or was unable to complete. (Tr. at 24:14-25:17.)

Thereafter, Ranger Lochart arrested Griffin for drunk driving. (Tr. at 25:17-21.) After being taken to the Spotsylvania Sheriff's Department, Griffin gave a sample of his breath. (Tr. at 28:11-13.) Nicola Sagerman, forensic scientist group supervisor for the Virginia Department of Forensic Science testified that testing showed that Griffin had a blood alcohol content of .20. (Tr. at 10:8-9.)

## DISCUSSION

### I. Timely Appeal

The Government first contends that Griffin did not file a timely notice of appeal. Fed. R. Crim. P. 58(g)(2)(B) allows a defendant to "appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." While the Fed. R. Crim. P. do not specify when an entry of judgment occurs, the Fed. R. App. P. provide that: "[a] judgment is entered when it is noted on the docket." FED. R. APP. P. 36(a).

4

On the docket sheet, the Judgment is listed as filed on February 9, 2010. Additionally, the Judgment was signed by Magistrate Judge Dohnal on February 9, 2010. However, at the end of the docket entry, the entry states: "Entered: 2/24/2010." This date best represents the date that the Judgment was "noted on the docket." FED. R. APP. P. 36(a). The notice of appeal was filed on the same day, February 24, 2010. Thus, the appeal was timely filed.

## II. Sufficiency of the Evidence

36 C.F.R. § 4.23(a) prohibits "[o]perating or being in actual physical control of a motor vehicle" while under the influence of drugs or alcohol.[1] Similarly, Virginia Code § 18.2-226 provides that it "shall be unlawful for any person to drive or operate any motor vehicle" while under the influence of alcohol. Because of the similarity of the two provisions, and because more cases of this nature are heard in state court, federal courts often consider Virginia case law when determining whether a defendant has violated 36 C.F.R. § 4.23(a). United States v. Coleman, 750 F.Supp. 191, 193 (W.D. Va. 1990).

Virginia Code § 18.2-266 does not define "operate." As a result, courts routinely apply the definition of "operator" from

---

[1] Testimony demonstrates that Griffin had a blood alcohol content of .20. Thus, on appeal, the only disputed issue is whether the evidence is sufficient to support a finding that Griffin operated or was in actual physical control of it.

5

Virginia Code § 46.2-100 to determine whether a person operated a vehicle in violation of § 18.2-266. See Lyons v. City of Petersburg, 221 Va. 10, 11, 266 S.E.2d 880, 880 (1980) (approving the definition found in Va. Code § 46.1-1(17), now Va. Code § 46.2-100, and applying it in determining whether one operated a motor vehicle while under the influence of alcohol). There, "operator" is defined as a "person who drives or is in actual physical control of a motor vehicle upon a highway." Va. Code. § 46.1-1(17). The Supreme Court of Virginia explained that operating a vehicle has a broader meaning than driving a vehicle:

> 'Operating' not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion. It means engaging the machinery of the vehicle, which alone, or in sequence, will activate the motive power of the vehicle.

Williams v. City of Petersburg, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975).

Consistent with the definition of "operate," mere presence in or around a motor vehicle is insufficient to prove that the defendant had actual physical control of the vehicle. Leake v. Commonwealth, 27 Va. App. 101, 107, 497 S.E.2d 522, 525 (Va.

App. 1998). In <u>Stevenson v. City of Falls Church</u>,[2] 243 Va. 434, 435, 416 S.E.2d 435, 436 (1992), the defendant was found asleep behind the steering wheel of his vehicle. The key was in the ignition, but the "engine of the motor vehicle, and all of its other mechanical and electrical parts were off." <u>Id.</u> Focusing on the fact that the key was in the off position, the court held that the defendant did not "drive or operate" the vehicle. <u>Id.</u> at 438, 416 S.E.2d at 438.

Rather, in order to convict under the Virginia statute, presence must be coupled with some other circumstance, such as manipulating the mechanical or electronic equipment of the car. <u>Leake</u>, 27 Va. App. at, 107, 497 S.E.2d at 525 (citing <u>Williams</u>, 216 Va. at 300, 217 S.E.2d at 896.). In <u>Williams</u>,[3] the defendant was the only occupant of the vehicle and was found "slumped over the steering wheel." 216 Va. at 298, 217 S.E.2d at 894. The motor of the vehicle was running but the headlights were off. <u>Id.</u> When officers aroused the defendant, he made a motion to the gearshift and then turned off the ignition. <u>Id.</u>, 217 S.E.2d

---

[2] The defendant was convicted under a Falls Church ordinance, which incorporated the provisions of Va. Code. § 18.2-266.

[3] The <u>Williams</u> court was interpreting a Petersburg City ordinance, almost identical to the Virginia state statute, which provided that "[n]o person shall drive or operate any automobile...in the city while under the influence of alcohol..." <u>Williams</u>, 216 Va. at 298, 217 S.E.2d at 894 (1975). The court's focus was on whether the defendant operated the vehicle.

7

at 895. The court upheld the defendant's conviction under these circumstances, noting that "[f]rom a mechanical standpoint, [the car] was capable of being immediately placed in motion to become a menace to the public, and to its drunken operator." Id. at 301, 217 S.E.2d at 896.

Additionally, courts have upheld convictions for operating a vehicle under the influence when a defendant poses a danger of immediately putting the car in motion. For example, in Coleman, the defendant was found in the driver's seat of the vehicle and the key was in the ignition but the car was not running. Coleman, 750 F.Supp. at 192. Under those circumstances, the court held that the defendant was an "operator" and was "in actual physical control" of the vehicle. Id. at 194. The court further explained that the word operator "must apply to situations where the vehicle was not moving and where the vehicle was only poised to pose a danger to other motorists and pedestrians." Id. at 193.

Here, the Defendant was found sitting in the driver's seat, the "place where the owner and operator of a vehicle would normally be found." Lyons, 221 Va. at 12, 266 S.E.2d at 881. And, the truck was running at the time that Ranger Lochart found Griffin. In addition, Griffin engaged the turn signal and flashers of the car. Further, the fact that Griffin asked Ranger Lochart how fast he was going is evidence that Griffin

8

had operated the truck. Perhaps, most convincing, the undisputed record is that the vehicle was found in a position significantly different than it was when Griffin's son left him alone in it. Considering the record as a whole, the evidence clearly is sufficient to support the finding that Griffin operated the vehicle and was in actual physical control of it. It is undisputed that he was drunk.

## CONCLUSION

For the foregoing reasons, the judgment of conviction and sentence are affirmed.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 25, 2010